1  PETER J. BEZEK Bar No. 102310
2  ROBERT A. CURTIS Bar No. 203870
   JUSTIN P. KARCZAG, Bar No. 223764
3  FOLEY BEZEK BEHLE & CURTIS
   15 West Carrillo Street
4  Santa Barbara, California 93101
5  Telephone (805) 962-9495
   Facsimile (805) 965-0722
6  Email: pbezek@foleybezek.com
7         rcurtis@foleybezek.com
          jkarczag@foleybezek.com
8

FILED

2010 MAY 20 P 3:51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA-SAN JOSE

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11 | MATTHEW BERLAGE, AARON              Case No.:
12 | LINSKY, and JAMES FAIRBANKS, on     CV 10-02187
   | behalf of himself and all others similarly   Judge:
13 | situated
14 |              Plaintiffs,            CLASS ACTION COMPLAINT
15 |          v.                        DEMAND FOR JURY TRIAL
16 | GOOGLE, INC., a Delaware corporation;
17 |              Defendant.
18

19

20              COMPLAINT WITH JURY DEMAND

21

22      Plaintiffs Matthew Berlage, Aaron Linsky and James Fairbanks, through their

23 attorneys, individually and on behalf of the below-described class allege as follows:

24

25                    I. NATURE OF THE ACTION

26      1.    This case arises out of defendant Google's program of unlawfully

27 intercepting and storing electronic communications in connection with the gathering of

28 information for its "Street View" program in violation of the Federal Wiretapping Act.

---

Google's co-founder, Sergey Brin, recently acknowledged that this program was a giant "screw up" by Google in a Wall Street Journal Article published in May 20, 2010. This is a class action, on behalf of Plaintiffs and all similarly–situated persons, seeking declaratory and injunctive relief, the recovery of monetary damages, penalties, attorney fees, and other relief based on certain acts of Defendant, including acquisition of personal and private information without permission or consent, violation of privacy and security rights, and for the unlawful interception of Plaintiffs' private and confidential electronic communications without authorization, privilege or justification in violation of 18 U.S.C.A. § 2511, *et seq.*

2.    Plaintiffs seek actual, punitive, and statutory damages, along with declaratory and equitable relief in the form of an injunction preventing Google from future interception or use of electronic communications, as well as their reasonable attorney's fees and costs in this matter.

## II. JURISDICTION

3.    The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331. The jurisdiction is invoked to secure protections from and to redress deprivation of rights secured by 18 U.S.C. § 2511, *et seq.* and 18 U.S.C. § 2507, *et seq.*

4.    Venue in this Court is appropriate because Defendant is headquartered in this District and, upon information and belief, the complained of conduct emanated and was directed from within this District by defendant.

## III. PARTIES

5.    Plaintiff Matthew Berlage  is a citizen of the United States and a resident of Hamilton County, Ohio.  Mr. Berlage used and maintained at all times relevant and material hereto an unencrypted wireless internet connection at his home.  Mr. Berlage used his wireless internet connection to transmit and receive personal and private data,

including without limitation personal and business emails, documents, web browsing, banking, and a variety of other personal information.

6.     Plaintiff Aaron Linsky is a citizen of the United States and a resident of Santa Barbara, California.  Mr. Linsky used and maintained at all times relevant and material hereto an unencrypted wireless internet connection at his home.  Mr. Linsky used his wireless internet connection to transmit and receive personal and private data, including without limitation personal and business emails, documents, web browsing, banking, and a variety of other personal information.

7.     Plaintiff James Fairbanks is a citizen of the United States and a resident of Santa Barbara, California.  Mr. Fairbanks used and maintained at all times relevant and material hereto an unencrypted wireless internet connection at his home.  Mr. Fairbanks used his wireless internet connection to transmit and receive personal and private data, including without limitation personal emails, documents, web browsing, banking, and a variety of other personal information.

8.     Defendant Google, Inc. ("Google") is a publicly traded Delaware corporation with its headquarters located in Mountain View, California.

## IV.  STATEMENT OF THE CASE

9.     One of Google's internet services is Google Street View ("Street View"). Street View is a technology featured in the Google Maps and Google Earth products that provides panoramic views from various positions along many streets in the United Stats and throughout the world.  Street View displays images taken from a fleet of specially adapted vehicles ("GSV vehicles").

10.    Google purposefully equipped its GSV Vehicles with, among other items, devices designed to intercept, capture and store wireless signals and data of the sort transmitted by wireless networks such as plaintiffs' and those of millions of other Americans.

Case No.: C 06 0715 SC

**CLASS ACTION COMPLAINT**

11.     Upon information and belief, Google knowingly equipped its GSV Vehicles with the above described devices in order to intercept and capture, among other things, electronic communications transmitted over wireless networks.

12.     When Google created its data collection systems on its GSV vehicles, it included devices known as wireless packet sniffers that collect data consisting of all or part of any documents, emails, video, audio and VIOP information being sent over the network by the user, all of which are electronic communications within the purview of the Federal Wiretap Act.

13.     Upon information and belief, Google has engaged in an ongoing course of conduct to intercept and then store electronic communications through Street View.  On information and belief, hundreds if not thousands of Google employees throughout the United States and the world have access to data maintained on Google's servers, which includes intercepted electronic communications.

14.     During the time Google was collecting users' electronic communications with its GSV vehicles, plaintiffs Berlage, Linsky and Fairbanks maintained open wireless internet connections at their residences.

15.     Named Plaintiffs' residences are (or were at the time) located on streets for which a GSV vehicle has collected data on one or more occasions since 2007.

16.     Berlage and Linsky regularly conducted business and personal activity and Fairbanks regularly conducted personal activity over the wireless internet connection at their residences.   Thus, a substantial amount of personal information has been and continues to be transmitted across plaintiffs' wireless internet connections.

17.     On information and belief, a GSV vehicle has intercepted and then stored Berlage's, Linsky's and Faribanks' wireless data on at least one occasion.

## V. CLASS ALLEGATIONS

18.     Plaintiff seeks to represent a class consisting of all U.S. residents whose wireless electronic communications have been intercepted by Google as a result of its data collection in connection with Street View.

19.     Excluded from this class are defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which defendant has controlling interest of which is related to or affiliated with defendant, and the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

20.     Plaintiffs and members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical.

21.     This action involves questions of law and fact common to plaintiff Berlage and all members of the class including:

(a)     Whether defendant's conduct violated of one or more of the provisions of 18 U.S.C. § 2511 et seq.;

(b)     The appropriate amount of statutory damages that should be awarded to plaintiff and the class members under 18 U.S.C. § 2520;

(c)     The appropriate amount of punitive damages necessary to punish defendant for its conduct, and prevent further, similar conduct, pursuant to 18 U.S.C. § 2520;

(d)     Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from destroying their wireless data collected by defendant;

(e)     Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from obtaining any wireless data from any wireless network;

(f)     Whether plaintiff and the class members are entitled to injunctive relief relating to the proper and appropriate time and manner of disposition of the wireless data captured by defendant and belonging to plaintiff and the class members.

22.     Plaintiffs Berlage's, Linsky's and Fairbanks' claims are typical of the claims of the members of the Class.

Case No.: C 06 0715 SC
**CLASS ACTION COMPLAINT**

23.     The named plaintiff s are willing and prepared to serve the Court and proposed Class in a representative capacity with all of the required material obligations and duties.  Plaintiffs will fairly and adequately protect the interests of the Class and have no interests adverse to or which directly and irrevocably conflict with the other members of the Class.

24.     The self-interests of the named class representatives are co-extensive with, and not antagonistic to those of the absent Class members.  The proposed representatives will represent and protect the interest of the absent Class members.

25.     The named plaintiffs have engaged the services of the counsel listed below. Counsel are experienced in litigation, complex litigation and will protect the rights of and otherwise effectively represent the named Class representatives and absent Class members.

26.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a class action.

27.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for defendant.  Defendant has acted on grounds that apply generally to the class, making equitable and monetary relief appropriate to the Class as a whole.

## VI. STATEMENT OF THE CLAIMS
## COUNT ONE

28.     Plaintiffs reallege paragraphs 1 through 27, and further allege:

Case No.: C 06 0715 SC

29. By the foregoing described conduct, Google intentionally acquired the contents of plaintiffs' and the class's electronic communications through the use of an electronic, mechanical or other device.

30. As a direct and proximate result of its deliberate and intentional conduct, Google has unlawfully intercepted plaintiff's and Class members' personal and confidential communications in derogation of the federal Wiretap Act, 18 U.S.C. § 2511, et seq.

31. Pursuant to 18 U.S.C. § 2520, each of the plaintiffs and each class member is entitled to damages and relief as follows:

(a) for each plaintiff and each class member, statutory damages of whichever is the greater of $100.00 each day that person's data was obtained by defendant, or $10,000.00 per violation suffered by that plaintiff or class member;

(b) punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

(c) a reasonable attorney's fee and other litigation costs reasonable incurred.

## COUNT TWO

32. Plaintiff reiterates and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. Defendant stored, and used the contents of the intercepted electronic communications in violation of the Federal Wiretap Act, 18 U.S.C. 2511, *et seq.*

34. Plaintiff is entitled to recover all remedies available thereunder, including, without limitation, actual and/or statutory damages, punitive damages, attorneys fees and injunctive relief.

Case No.: C 06 0715 SC
**CLASS ACTION COMPLAINT**

## REQUEST FOR RELIEF

Plaintiffs request a judgment:

A. Certifying this action as a class action as set forth above;

B. Awarding plaintiffs and class members declaratory and injunctive relief enjoining defendant from continuing to intercept electronic communications and enjoining defendant from disclosing to anyone the communications intercepted and stored on its servers. from

C. Awarding statutory damages under 18 U.S.C. § 2520 to each plaintiff and to each class members equal to the greater of $100.00 for each day any plaintiff r class member's data was obtained by defendant, or $10,000.00 per violation suffered by each plaintiff or class member;

D. Awarding punitive damages under 18 U.S.C. § 2520 in the amount to be determined by the jury, by sufficient to prevent the same or similar conduct by defendant and others in the future;

E. Such other relief as deemed just and equitable under the circumstances.

Respectively Submitted,

Peter J. Bezek, Esq.
Robert A. Curtis, Esq.
Justin P. Karczag, Esq.
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Tel: (805) 962-9495
Fax: (805) 962-0072

*Pending Pro Hace Vice:*
Christian A. Jenkins

MINNILLO & JENKINS, Co. LPA
2712 Observatory Ave.
Cincinnati, OH 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
Of Counsel

## JURY DEMAND

Plaintiffs demand that all issues so triable in the foregoing Complaint be tried to a jury.

Peter J. Bezek, Esq.

**CLASS ACTION COMPLAINT**

Case No.: C 06 0715 SC